The opinion of the Court was delivered by

Mr. Justice Gantt. .

Long before the attachment in this case was served xxpon the *19 garnishee, (but at what particular time docs not appear) Gris* wold, by his authorized attornies (A. Slaughter and C.'Labu-zan) amongst other choses in action, transfered .to Imlay the notes in question.
Imlay being a creditoiyto a large amount, the transfer thus made was based upon a full and adequate consideration. In reference to this transaction and in confirmation of .it, (if indeed any confirmation was necessary) was the order of Griswold himself, on the 14th April 1821, upon the back of Mr. F elder’s receipt for the notes in question, directing that the proceeds of West’s potes should be paid over to Imlay.
It is impossible to conceive therefore a more fall and absolute relinquishment of right in one man and investiture in another, than what took place in this instance. Not the slightest imputation of fraud attaches to the transaction, by which its efficacy might be impaired; but on the contrary, the transfer appears to have been bona fide, and in part payment of a very ,, large amount due from Griswold to Imlay. After the right of Griswold to those notes had been thus disposed of, Wadsworth, the plaintiff, on the 28th October, 1822, .(eighteen months at least after Imlay’s right to the proceeds of "West’s notes had been secured to him) took out his attachment. The attachment act can alone operate, by the express terms of it, upon the monies, goods, chatties, &c. of the absent debtor. If therefore the money in the hands of the attorney, did not belong to Griswold, the debt- or, but to Imlay, then there was nothing on which it could operate..
The plaintiff, although a creditor, was entitled to no preference over Imlay; and the effect of the proceedings under this attachment (were they to he allowed) would be to divest a right fairly and legally established in Imlay, and to appropriate a. sum of money belonging to him, to the payment of a debt due by Griswold.
This would be as unjust as it is illegal. The order therefore, which was made for the .payment of the money in die hands of the guarnishee to the plaintiff in attachment, is set aside, as also the verdict which was given in the case; -the property attached not having been liable to the plaintiff’s attachment.
Richardson, Huger, Johnson and Colcoclc —
Justices, concurred.